**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CHRISTOPHER LEE GRAY** **PLAINTIFF**

**V.** **CASE NO. 3:25-CV-00193-KGB-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. INTRODUCTION

On September 9, 2022, Christopher Gray applied for disability benefits, alleging disability beginning on May 26, 2022. (Tr. at 206-214). Mr. Gray alleged that he suffered from scoliosis, lower back problems, problems with both knees, PTSD, anxiety, high blood pressure, acid reflux, and allergies. (Tr. at 343). His claims were denied initially. (Tr. at 206-214). On January 4, 2024, Mr. Gray's request for reconsideration was also denied. (Tr. at 222-224). After conducting a hearing on July 10, 2024, an Administrative Law Judge ("ALJ") denied Mr. Gray's application on August 5, 2024. (Tr. at 144-162). Following the ALJ's order, Mr. Gray submitted new medical records and sought review from the Appeals Council, which denied his request for review. (Tr. at

6-9). The ALJ's decision thus stands as the final decision of the Commissioner, and Mr. Gray now seeks judicial review.

For the reasons stated below, this Court reverses and remands this case for further consideration.

## II. THE ALJ'S DECISION[1]

At Step One, the ALJ found that Mr. Gray had not engaged in substantial gainful activity since the alleged onset date of May 26, 2022. (Tr. at 149). At Step Two, the ALJ found that Mr. Gray had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, kyphosis, chronic pain syndrome, osteoarthritis of the bilateral knees, neuropathy, and residual from right hand/finger fractures. (Tr. at 149-150).

After finding Mr. Gray's impairments did not meet or equal a listed impairment (Tr. at 150), the ALJ determined that he had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that: (1) he is limited to occasional climbing of ramps or stairs, and never climbing ropes, ladders, or scaffolds; (2) he can occasionally balance, stoop, kneel, crouch, and crawl and perform frequent gross handling and fine fingering with the right upper extremity; and (3) work should not involve unprotected heights, dangerous moving machinery, or hazards. (Tr. at 150-151).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Mr. Gray was unable to perform any of his past relevant work as a security guard and police officer. (Tr. at

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

155). The ALJ then found that Mr. Gray's RFC would allow him to perform other jobs that exist in significant numbers in the national economy, including order clerk, addresser, and document preparer. (Tr. at 156-157). The ALJ concluded, therefore, that Mr. Gray was not disabled. (Tr. at 157).

## III. APPEALS COUNCIL PROCEEDINGS

Mr. Gray submitted thirty-two pages of medical records dated April 21, 2024, through August 3, 2024; two pages of undated records; and ninety pages of medical records dated September 30, 2024, through November 16, 2024. (Tr. at 6-9). The Appeals Council did not consider the medical records dated April 21, 2024, through August 3, 2024, and two pages of undated records because it found that they did not show a reasonable probability that they would change the outcome of the ALJ's decision. (Tr. at 7). The Appeals Council also found the records dated September 30, 2024, through November 16, 2024, did not relate to the period at issue because they postdate August 5, 2024, the date the ALJ issued his decision. *Id.*

The evidence submitted by Mr. Gray contained results from an MRI of Mr. Gray's thoracic spine taken on August 3, 2024 that showed chronic anterior wedge compression deformities, mild multilevel degenerative changes in the thoracic spine, and early changes of diffuse idiopathic skeletal hyperostosis. (Tr. at 101). The evidence also contained a CT scan taken on August 3, 2024 which showed similar findings. (Tr. at 103). Mr. Gray also submitted an examination report from September 18, 2024 discussing his pain and desire for surgical intervention. (Tr. at 119). The examination further revealed that he had pain in the lower back while standing and he could not perform heel/toe walking on the right leg. *Id.* The evidence also included an operative report for a spinal surgery performed on November 14, 2024. (Tr. at 35).

**IV. DISCUSSION**

**A. Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

If the claimant submitted additional evidence to the Appeals Council for review, that evidence becomes part of the administrative record on appeal. *See Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). A reviewing court considers the new evidence when determining whether substantial evidence supports the Commissioner's final decision. *See Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007); *see also Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

**B. Gray's Arguments on Appeal**

Mr. Gray argues that the Appeals Council improperly denied his request for review when it determined that his newly submitted evidence was not material. (Doc. No. 7 at 10-14) The Commissioner contends that the Appeals Council properly denied Mr. Gray's request for review. (Doc. No. 13 at 5-7) Because the Appeals Council should have reviewed Mr. Gray's newly submitted evidence, it is not necessary to reach his other point on appeal.

**C. Analysis**

Mr. Gray argues that the Appeals Council improperly determined that the newly submitted medical records were not material and did not relate back to the relevant period. (Doc. No. 7 at 10-14) In addition, Mr. Gray asserts that the evidence shows a reasonable probability that it would change the ALJ's decision. (Doc. No. 7 at 14)

Under 20 C.F.R. § 404.970(a)(5), the Appeals Council must consider additional evidence provided to it when it is new, material, relates to the period on or before the ALJ's decision, and there is a reasonable probability it would change the outcome. When the Appeals Council refuses to consider evidence based on a threshold legal determination, rather than considering it and denying review, the reviewing court evaluates that refusal *de novo*. *Box v. Shalala*, 52 F.3d 168, 170 (8th Cir. 1995).

After a review of the record, including a *de novo* evaluation of the Appeals Council's decision, it appears that the Appeals Council refused to consider the medical records dated September 30, 2024, through November 16, 2024, based on a threshold determination that the evidence was dated after the ALJ's decision. The Court finds, upon *de novo* review, that the Appeals Council erred in failing to assess whether this evidence relates back to the period on or before the ALJ's decision.

Here, the Appeals Council relied on the date of the additional evidence in deciding that it did not relate to the period at issue, and the Appeals Council did not analyze the additional evidence's relationship with Mr. Gray's pre-decision condition (Tr. at 7). Courts in this Circuit have rejected similar language used by the Appeals Council here as an improper method for refusal to review post-decision evidence offered by a claimant. *See Karr v. Dudek*, Case No. 4:23-cv-01229-SPM, 2025 WL 671062, *5 (E.D. Mo. Mar. 3, 2025) (finding error in an Appeals Council analyzing supplemental documents based only on the date of the documents as follows: "[y]ou submitted 36 pages of records from St. Louis Spine and Orthopedics, dated December 2, 2022. The Administrative Law Judge decided your case through August 22, 2022. This additional evidence does not relate to the period at issue.")

A review of the evidence provided to the Appeals Council shows that the records relate to Mr. Gray's condition before the date of the ALJ's decision. The evidence does not appear to relate to a new condition but instead appears to relate to Mr. Gray's existing conditions of degenerative disc disease and kyphosis, which the ALJ found to be severe impairments in the decision that is the subject of this proceeding.

The Court also finds that the error of the Appeals Council in not reviewing the evidence to determine if it related back to the period before the ALJ's decision was not harmless because it appears that there is a reasonable probability that the new evidence would change the outcome of the ALJ's decision. *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). The medical records related to Mr. Gray's surgery are new and not cumulative of any other evidence in the record, based on this Court's review. "To be 'material,' the evidence must be relevant to claimant's condition for the time period for which benefits were

denied" and "must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition." *Id.* The Court finds the evidence is new and relates to Mr. Gray's condition during the relevant period, and there is nothing to suggest that the evidence addresses a new condition.

Further, the Court finds that there is a reasonable probability that a review of this evidence would have changed the outcome of the ALJ's decision. This was a case where the ALJ found a lack of objective findings to support limitations from what the ALJ found to be severe degenerative disc disease, kyphosis, and chronic pain. While the ALJ recognized consistent chronic pain complaints in the record, he expressly relied on limited objective medical findings as a reason to restrict Mr. Gray to a limited range of sedentary work. (Tr. at 154). The evidence provided to the Appeals Council provides an illumination of the severity of Mr. Gray's degenerative disc disease.

Because the Appeals Council erred in refusing to consider new, material evidence that relates to the adjudicated period and because there is a reasonable probability that the evidence would change the ALJ's decision, the Court remands the case for further proceedings. *Karr,* 2025 WL 671062, at *5 (citing 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)).

**IV. CONCLUSION**

For the reasons stated above, the Court concludes that the Appeals Council should have reviewed Mr. Gray's newly submitted evidence. The Court hereby reverses and remands this case to the Commissioner for further proceedings.

DATED this 2nd day of September 2026.

UNITED STATES MAGISTRATE JUDGE